IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FREIGHTLINER, L.L.C.,<br><br>**Plaintiff(s)**<br><br>v.<br><br><br>PUERTO RICO TRUCK SALES, INC., <u>et al.</u>,<br>**Defendant(s)** | **CIVIL NO.** 04-1950 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is co-defendants' Motion for Preliminary Injunctive Relief. (Docket No. 70). For the reasons set forth below, the Court **DENIES** the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Freightliner, L.L.C.("Freightliner") manufactures and sells "Freightliner" brand trucks worldwide. In 1996, Freightliner and co-defendant Puerto Rico Truck Sales, Inc., executed an agreement ("the Agreement") for the distribution of Freightliner products in Puerto Rico, which was later assumed by co-defendant Freightliner Truck Sales and Services ("FTSS") in the year 2000.

On September 10th, 2004, Freightliner terminated the Agreement, and on September 13th, 2004, filed a Complaint against Puerto Rico Truck Sales, FTSS and others, for breach of contract, damages and

Civ. No. 04-1950 (JAG)                                                        2

collection of monies. (Docket No. 1). Freightliner also requested, pursuant to Fed. R. Civ. P. 57 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, a declaratory judgment on the validity of its termination of the distribution relationship. Id.

Freightliner bases its termination of the Agreement on FTSS's alleged lack of payment of substantial overdue amounts, and because of FTSS's alleged illegal or wrongful shipment and importation of eighteen (18) Freightliner trucks into Puerto Rico. FTSS, on the other hand, alleges that Freightliner's termination of the distribution relationship violates FTSS's rights under the Puerto Rico Dealer's Act, Act No. 75, 10 L.P.R.A. § 278 et. seq. ("Act 75"), and filed a counterclaim requesting damages pursuant therewith. (Docket No. 41).

On January 11th, 2005, co-defendants FTSS and Mr. Luis Carreras filed a "Motion for Temporary Restraining Order (TRO) and a Motion for Preliminary Injunctive Relief," pursuant to Act 75. (Docket No. 70). Co-defendants claim that the parties modified the payment terms in the distribution agreement so that FTSS would pay Freightliner for trucks it ordered only after FTSS had been paid by its end customers. Also, the co-defendants argue that the eighteen (18) trucks had been shipped by Freightliner as a ruse to terminate FTSS. Consequently, the co-defendants request the Court to dissolve the termination and enjoin Freightliner from working with any other distributor in Puerto Rico.

Civ. No. 04-1950 (JAG)                                                          3

On January 12th, 2005, the Court denied the Motion for Temporary Restraining Order, and referred the Motion for Preliminary Injunction to Magistrate Judge Camille Velez-Rive for a Report and Recommendation.  (Docket No. 73).  On March 30th, 2005, the Magistrate Judge issued a Report and Recommendation to **DENY** the co-defendants' Motion for Preliminary Injunctive Relief.  (Docket NO. 109).  Magistrate Judge Velez-Rive concluded that co-defendants failed to establish the prerequisites for preliminary injunctive relief under Act 75, namely: a substantial likelihood of succeeding on the merits; that they will suffer irreparable harm in the absence of injunctive relief; the harm to them if injunctive relief is not granted far outweighs any inconvenience to Freightliner if such relief is granted; and the public interest weights heavily in its favor.

On April 11th, 2005, co-defendants filed Objections to the Magistrate Judge's Report and Recommendation.  (Docket No. 111).

### STANDARD OF REVIEW

**A.  Standard for Reviewing a Magistrate-Judge's Report and Recommendation**

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate Judge for a Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 72(a).  Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 72(d), the adversely affected party may contest the Magistrate-Judge's Report and

Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. See 28 U.S.C. § 636(b)(1). If a party files timely objections to the Magistrate Judge's Report and Recommendation, the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez v. Chater, 8 F.Supp.2d 152, 154 (D.P.R. 1998).

## DISCUSSION

Co-defendants object to the Magistrate Judge's Report and Recommendation because allegedly it: 1)completely equates the standard for issuance of injunctive relief under Act 75 with that of a standard injunction; 2) relies on the allegedly least important factor in an Act 75 injunctive relief case; that is, the probability of success on the merits, and 3) completely omits the testimony of FTSS's witnesses and evidence.(Docket No. 111 at 2).

Conversely, the co-defendants argue that the hearing record shows that: 1) over time, the payment terms between the parties substantially varied from those set in the distribution agreement with the acquiescence of all parties, and 2) that Freightliner shipped to Puerto Rico eighteen (18) trucks, knowing that they did not comply with federal law, in an attempt to create a "just cause" to terminate them. The Court disagrees.

The First Circuit has outlined four elements that a movant must

Civ. No. 04-1950 (JAG)                                                 5

demonstrate before preliminary injunctive relief may issue: (1) the likelihood of the movant's success on the merits; (2) the potential for irreparable harm to the movant; (3) a balancing of the relevant equities, i.e., the hardship to the nonmovant if the injunction issues as contrasted with the hardship to the movant if interim relief is withheld; and (4) the effect on the public interest of a grant or denial of the injunction. New Comm Wireless Services v. Sprintcom, Inc., 287 F.3d 1, 8-9 (1st Cir. 2002); DeNovellis v. Shalala, 135 F.3d 58, 62 (1st Cir. 1998).  See also Gately v. Com. of Mass., 2 F.3d 1221, 1224 (1st Cir. 1993); Cohen v. Brown University, 991 F.2d 888, 902 (1st Cir. 1993); Planned Parenthood League of Massachusetts v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981)(quoting Women's Community Health Ctr., Inc. v. Cohen, 477 F.Supp. 542, 544 (D. Me. 1979)). These traditional criteria apply equally to Act 75 cases, as long as they are tempered to the purposes of the such Act.  Systema de Puerto Rico v. Interface International, Inc., 123 D.P.R. 379 (1989); Picker International v. Kodak Caribbean, 826 F.Supp. 610, 613 (D.P.R. 1993).  Hence, co-defendants contention that the Magistrate Judge erred by "completely equat[ing] the standard for issuance of injunctive relief under Act 75 with that of a standard injunction," is simply misplaced.

　　　Co-defendants also argue that the Magistrate Judge erred by relying "on the least important factor in an Act 75 injunctive relief case;" that is, the probability of success on the merits. The

Civ. No. 04-1950 (JAG)                                                    6

Court rules that this objection is also misplaced, inasmuch as the Magistrate Judge's Report and Recommendation clearly examined and applied all criteria for the issuance of injunctive relief. (Docket No. 109 at 22-34). Moreover, the probability of success on the merits criterium could hardly be deemed as the "least important." In fact, the First Circuit characterized it as "the sine qua non" of the four prong test, and explained that "if a moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."  New Comm Wireless Services, 287 F.3d at 8-9.

It is uncontested that FTSS owes Freightliner a substantial amount of money. (Docket No. 109 at 24). Specifically, Magistrate Judge Velez-Rive points out that Mr. Luis Carreras admitted under oath, both on direct and cross-examination, that FTSS has not paid Freightliner for eighteen (18) trucks it ordered between July 2003 and February 2004. Id.  The Magistrate Judge thus concludes that since the Agreement between FTSS and Freightliner is for the purchase, sale, service and distribution of Freightliner trucks in Puerto Rico, payment of the trucks by the dealer is clearly an essential element of the Agreement. Id., at 24-25. Upon de novo examination, the Court will not depart from the Magistrate Judge's findings on this issue.

The Court rules that, at this juncture, the co-defendants' probability of success is very low. Luis Carreras' conceded during

Civ. No. 04-1950 (JAG)                                                7

his testimony before the Magistrate Judge that FTSS has not paid for eighteen (18) trucks, for a total debt of around $900,000. (Docket No. 117 at 11-13). To this, FTSS only avers that, over time, the payment terms contained in the Agreement were verbally modified by the parties, so that FTSS could make partial payments after it had been paid by its end customers. This argument, however, is unavailing for a very powerful reason. Pursuant to Section 24 of the Agreement, its terms cannot be "altered, enlarged, supplemented or abridged except by in writing." (Docket No. 70, Exhibit 1 at 12). Co-defendants have not produced material evidence to show that the terms of the Agreement were ever altered in writing; consequently, mere allegations are insufficient to avoid the literal application of Section 24 of the Agreement.

The Court further notes that the co-defendants' allegations regarding Freightliner knowingly shipping eighteen (18) illegal trucks to Puerto Rico as an attempt to create a "just cause" to terminate them, is equally without merit. The record supports the Magistrate Judge's conclusion that it was FTSS, not Freightliner, who paid for the shipping, insurance, delivery and customs costs of the eighteen (18)trucks, and who contracted Nestor Reyes, Inc., as the customs broker to introduce the trucks into Puerto Rico. (Docket No. 109). Mr. Carreras' testimony on this issue, on the other hand, was limited to stating that he did not know who prepared the commercial invoices and Certificates of Origin used to ship the

Civ. No. 04-1950 (JAG)                                                8

eighteen (18) truck from Mexico to Puerto Rico.  He only assumed it was Freightliner because that is the name that appears on the top of two of the documents.  (Docket No. 109 at 29).[1]

It is settled law that a dealer's failure to comply with an essential obligation of a dealer agreement--such as payment to the principal-- constitutes "just cause" to terminate the contract without payment of damages. PPM Chemical Corporation of Puerto Rico v. Saskatoon Chemical, 931 F.2d 138 (1st Cir. 1991); Tatan Mgmt. v. Jacfran Corp., 270 F. Supp. 2d 197, 201 (D.P.R. 2003); Dyno Nobel, Inc. v. Amotech Corp., 63 F.Supp. 2d 140, 150 (D.P.R. 1999). Since the co-defendants have not proffered material evidence to demonstrate that Freightliner's claims regarding the outstanding payments are without merit, they are not entitled to injunctive relief as a matter of law.

The Court need go no further.  The unlikeliness of co-defendants prevailing on the merits is reason enough for the Court to **DENY** the co-defendants' Motion for Preliminary Injunction. (Docket No. 70).[2]

---

[1] As a matter of fact, Magistrate Judge Velez-Rive was doubtful as to the authenticity of the invoices presented by the co-defendants, and reported that "the matter certainly raises serious concerns."  (Docket No. 109 at 29).

[2] The Court also notes that co-defendants waited for almost four months after the filing of the Complaint to request injunctive relief.  The Court agrees with Magistrate Judge Velez-Rive's conclusion that this fact "clearly shows FTSS lacked any urgency and militates against [a finding of] irreparable harm." (Docket No. 109 at 31). See Matos v. Clinton Sch. Dist., 367 F.3d 68, 73 (1st Cir.

Civ. No. 04-1950 (JAG)                                                  9

## CONCLUSION

In light of the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 109), and **DENIES** the co-defendants' Motion for Preliminary Injunction. (Docket No. 70).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 17th day of October, 2005.


                                                **S/Jay A. Garcia-Gregory**
                                                JAY A. GARCIA-GREGORY
                                                United States District Judge

---

2004) (citing <u>Ross-Simons of Warwick, Inc. v. Baccarat, Inc.</u>, 217 F.3d 8 (1st Cir. 2000)(failure to show irreparable harm is sufficient grounds for denying preliminary relief even if the other requirements of the preliminary injunction standard are met).